**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRAVIS J. BROWN,<br><br>            Plaintiff,<br><br>      v.<br><br>SERGEANT REYES,<br><br>            Defendant. | Case No. 5:23-cv-00440-JWH-AJR<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

1    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Motion for
2 Summary Judgment, all the records and files herein, and the Amended Report and
3 Recommendation of the United States Magistrate Judge.  The Court has considered
4 Plaintiff's Objections to the Amended Report and Recommendation (the
5 "Objections") and has conducted a *de novo* review of those portions of the
6 Amended Report and Recommendation to which Plaintiff objected.
7    The Amended Report and Recommendation (the "Report") recommends the
8 grant of Defendant's motion for summary judgment and the dismissal of this
9 prisoner civil rights action with prejudice.  (ECF No. 100.)  Plaintiff's Objections to
10 the Report (ECF No. 102) do not merit any change to the Report's findings or
11 recommendations.
12    Plaintiff objects that his declaration is not a sham.  (ECF No. 102 at 1-4.)
13 The declaration, in which Plaintiff asserted that inmate Dunlap had lunged to attack
14 him, was inconsistent with Plaintiff's earlier deposition testimony that he had
15 pleaded guilty to a disciplinary charge for attacking Dunlap.  (ECF No. 93-3 at 30-
16 31; ECF No. 95 at 30.)  The Court agrees with the Report that the referenced
17 portion of the declaration is a sham because the inconsistency is clear and
18 ambiguous.  (ECF No. 100 at 15.)  As the Report found, Plaintiff's allegation that
19 he could not remember details about the incident is incredible because "the fact of
20 who struck first in a significant physical altercation with a fellow inmate where
21 Plaintiff alleges that he sustained serious injuries is not a mere detail that one would
22 reasonably need to review documents to accurately recall."  (*Id*.)
23    Plaintiff objects that he has provided competent evidence to refute the
24 finding that he was the initial aggressor, for purposes of his Eighth Amendment
25 claim.  (ECF No. 102 at 4-7.)  The Court agrees with the Report that the Eighth
26 Amendment claim cannot proceed because "Defendant has submitted ample
27 evidence that Plaintiff was the initial aggressor in the altercation with inmate
28 Dunlap."  (ECF No. 100 at 16.)  The evidence included the disciplinary records

finding Plaintiff guilty of the attack, Dunlap's declaration attributing the attack to Plaintiff, and Plaintiff's own deposition testimony about pleading guilty to the disciplinary charge. (ECF No. 93-1 at 43; ECF No. 93-2 at 2; ECF No. 93-3 at 22-23, 30-31.) Plaintiff further objects that medical records show he was attacked. (ECF No. 102 at 5-6.) The medical records are silent as to who was the initial aggressor. (ECF No. 95 at 32-52.) The Court agrees with the Report that "Plaintiff cannot provide his layperson opinion to interpret his medical records." (ECF No. 100 at 20 n.4.)

Plaintiff objects that Defendant is not entitled to qualified immunity. (ECF No. 102 at 7-10.) The Court agrees with the Report that Plaintiff failed to raise a triable issue of fact as to a violation of his rights under the Eighth Amendment. (ECF No. 100 at 20.) Plaintiff failed to show that Defendant violated a federal right, and Plaintiff also failed to show that it was clearly established that a prisoner was entitled to protection from an attack where he was the initial aggressor. (*Id.*) Plaintiff objects that he has raised a triable issue with his declaration about being attacked and with the medical records. (ECF No. 102 at 8.) The Court again agrees with the Report that the portion of declaration should be disregarded as a sham and that Plaintiff cannot offer his layperson opinion to interpret the medical records. (ECF No. 100 at 15, 20 n.4.)

Having conducted a *de novo* review, Plaintiff's Objections do not cause this Court to alter or modify the Amended Report and Recommendation. Accordingly, the Court hereby **ORDERS** as follows:

1. The findings, conclusions, and recommendations of the Magistrate Judge are **ACCEPTED** and **ADOPTED**.

2. Defendant's Motion for Summary Judgment is **GRANTED**, and this action is **DISMISSED with prejudice**.

3. The Clerk is **DIRECTED** to serve copies of this Order and the Judgment herein on Plaintiff at his current address of record, as well as on all Defendants who have appeared in the action.

4. Judgment shall issue accordingly.

Dated: November 17, 2025

Hon. John W. Holcomb
UNITED STATES DISTRICT JUDGE